# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 13, 2020

Lyle W. Cayce
Clerk

No. 20-60297
Summary Calendar

Christopher Seth Simmons,

*Plaintiff—Appellant*,

*versus*

Mike Fair, in his individual capacity; Tracy Barnett, in his individual capacity; Town of Shannon, Mississippi,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CV-38

Before King, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Defendant police officers Mike Fair and Tracy Barnett approached a residence in the middle of the night and asked for the driver of a vehicle parked outside, which the officers said had been observed speeding. Plaintiff

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60297

Christopher Simmons and two of his friends met the officers outside, and one of the friends, Brandon Howell, admitted that he had recently driven the vehicle. After Howell disagreed with the officers about *how* recently the vehicle had been driven, the officers returned to Fair's patrol car to review the footage from his dashboard camera. Before returning to the patrol car and while reviewing the footage, the officers repeatedly instructed Simmons and his friends to stay where they were. Nevertheless, Simmons approached the officers. After directing him to go back to where he had been standing, the officers arrested him. Ultimately, Simmons sued the officers and their employer, the Town of Shannon, Mississippi, for violating his Fourth and First Amendment rights.[1]

The district court granted summary judgment to the defendants. Reviewing body-camera footage of the incident, the court concluded that the video evidence demonstrated that Simmons had failed to comply with the officers' commands. Accordingly, the court ruled, the officers had probable cause to arrest Simmons for disorderly conduct. *See* Miss. Code Ann. § 97-35-7(1). Observing that the disorderly-conduct statute prohibits refusing to comply with a lawful order "under such circumstances as may lead to a breach of the peace," *id.*, the court determined that the fact that "the officers were outnumbered by the three men during the nighttime[,] . . . viewed in concert with Simmons'[s] continuous disregard for the officers' commands," sufficed to establish "that his conduct could have led to a breach of the peace." Because the officers thus had probable cause, the court

---

[1] The First Amendment claim was based on the theory that Simmons's arrest was actually motivated by a previous dispute with Fair.

No. 20-60297

ruled that there had been no Fourth Amendment violation. We agree with the district court's well-reasoned conclusion.[2]

Apart from his disagreement with the district court's analysis of the video evidence, Simmons raises two principal arguments on appeal. Neither is persuasive. First, Simmons argues that there is no evidence in the record that the officers knew the elements of the disorderly-conduct statute. But "probable cause is an objective standard." *District of Columbia v. Wesby*, 138 S. Ct. 577, 584 n.2 (2018). As such, "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Second, Simmons argues that "a person cannot commit the offense of breach of the peace on private property." For this proposition, Simmons cites *Taylor v. State*, 396 So. 2d 39 (Miss. 1981), in which the Mississippi Supreme Court construed a statute that prohibits "disturb[ing] the public peace." *Id.* at 41 (quoting Miss. Code Ann. § 97-35-15(1)). *Taylor* does not address the disorderly-conduct statute under which Simmons was arrested, and that statute makes no reference to breaches of the *public* peace. Accordingly, Simmons's citation to *Taylor* is inapposite.[3]

The judgment of the district court is AFFIRMED.

---

[2] The district court also concluded that the existence of probable cause was fatal to Simmons's First Amendment claim. Simmons does not raise this issue on appeal, so we do not address it. *But cf. Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019) (establishing exception to general rule that "probable cause should . . . defeat a retaliatory arrest claim").

[3] The defendants ignore Simmons's private-property argument, leading Simmons to assert in reply that we "should treat it as undisputed[] that probable cause could exist . . . only if a breach of the peace occurred on public property." While as a general matter we do not recommend that appellees disregard their opponents' arguments, their doing so does not require us to countenance an inaccurate statement of the law.